UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL PARTON,

    Plaintiff,

v.                                Case No:   2:20-cv-369-FtM-29NPM

LT. STEWARD, FNU CONNOR, Lt., FNU MCMANUS, Capt., and FNU MATSON, Sgt.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court on initial review of the file. Plaintiff, a state prisoner, commenced this action by filing a pleading titled "Order to Show Cause for a Preliminary Injunction a[nd] Temporary Restraining Order" on May 21, 2020 (Doc. #1), which the Court construes as a motion for a temporary restraining order.[1] Included is Plaintiff's "General Affidavit" signed under penalty of perjury in which he claims staff informed inmates about his charges and gave inmates permission "to do inhumane acts to Plaintiff." Id. at 3. Plaintiff states in September 2019 he wrote a grievance to complain about unidentified inmates pouring pills and other things down his throat while he is asleep. Id. at 3-4. On April 30, 2020, Defendant Stewart called Plaintiff to his office to discuss the grievance and sent him to

---

[1] The Court undertook an immediate review of the pleading and found it did not warrant emergency handling. See docket entry dated May 22, 2020.

a psychiatrist, but the psychiatrist sent him back to his dorm. Id. at 3. Plaintiff claims officials are violating his Eighth Amendment rights by not stopping inmates from attacking him in his sleep. Id. at 4. Plaintiff also complains that officials refused to mail out this injunction. Id. Plaintiff does not specify what injunctive relief he seeks, only that he wants defendants "restrained from Florida." Id. at 2.

Because a temporary restraining order is an extraordinary remedy, a movant must establish the following four criterion: (1) a substantial likelihood of success on the merits, (2) that irreparable injury will be suffered if the relief is not granted, (3) that the threatened injury outweighs the harm the relief would inflict on the other litigant, and (4) if issued, the injunction would not be adverse to the public interest. Long v. Sec'y, Dep't of Corrs., 924 F.3d 1171, 1176 (11th Cir. 2019). Recognizing that such requests "are not uncommon in federal court and sometimes involve decisions affecting life and death" such relief may not be granted "unless the movant establishes the substantial likelihood of success criterion." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1226 (11th Cir. 2005). Issuing a temporary restraining order "is the exception rather than the rule." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975)). Further, under Local Rule 4.05(a), "[s]uch orders will be entered only in emergency cases to maintain the

status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." And the movant is required to: specifically describe the conduct sought to be enjoined; provide sufficient factual detail so the Court can determine the appropriate security which must be posted by the movant; accompany the motion with a proposed form order; and, attach a supporting legal memorandum. M.D. Fla. R. 4.05(b).

Plaintiff has not complied with the requirements of either Fed. R. Civ. P. 65(b) or M. D. Fla. R. 4.05(b). Plaintiff has not demonstrated a threat of an immediate and irreparable injury or loss, nor has he posted security, or explained why security should not be posted. Further, Plaintiff has not addressed yet alone demonstrated the four prerequisites mandated by the Eleventh Circuit to warrant preliminary injunctive relief.

Plaintiff did not accompany his motion with a complaint. A civil action "is commenced by filing a complaint with the court" not a motion. Fed. R. Civ. P. 3. If Plaintiff wishes to initiate a civil rights complaint under 42 U.S.C. § 1983, the Court has approved the use of a civil rights complaint form for cases filed by any confined person under 42 U.S.C. § 1983. If Plaintiff believes correctional officials are violating his Eighth Amendment rights he may file the enclosed civil rights complaint form and accompany it with the $400.00 filing fee or the enclosed affidavit of indigency if he does not have adequate funds to initiate the

action.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's pleading (Doc. #1) construed as a motion for temporary restraining order is **DENIED and this case is dismissed without prejudice.**

2. The Clerk shall provide Plaintiff with a blank copy of the Court's approved civil rights complaint and affidavit of indigency forms with this Order. If Plaintiff wishes to file a civil right complaint about the allegations he raises in the motion, he must initiate a new action using the enclosed form accompanied by the requisite filing fee or affidavit of indigency forms. Plaintiff **should not place the above case number on the forms**. The Clerk of Court will assign a new case number when, and if, Plaintiff files a new action.

3. The Clerk will enter judgment, terminate any pending motions as moot, and close this file.

**DONE and ORDERED** at Fort Myers, Florida, this ___27th___ day of May, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
*Pro se* plaintiff
Encl. *Pro se* confined litigant's complaint form